**SO ORDERED.**

**SIGNED this 19th day of February, 2025.**



_____
Dale L. Somers
United States Chief Bankruptcy Judge
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS
# AT KANSAS CITY

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 25-20111-DLS |
| JM GROVE, LLC, ) | Chapter 11 |
| ) | Subchapter V |
| DEBTOR. ) | |

### INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(B)

NOW COMES on before this Court the Debtor's Motion For Approval of Preliminary Order Pursuant to 11 U.S.C. 363 and Fed. R. Bankr. P. 4001 Concerning the Use of Cash Collateral and providing for adequate protection and related matters ("Motion"). Due and proper notice with an opportunity to object was served on all creditors and parties in interest.

WHEREUPON, having reviewed the evidence before it, the Court finds as follows:

1. On February 4, 2025 ("the Petition Date"), JM Grove, LLC filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the Bankruptcy Code). Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor remains as Debtor-in-Possession.

2. The Debtor continues to operate its businesses and manage its property as a Debtor-in-Possession.

3. The Court has scheduled this matter for hearing on March 13, 2025 at 1:46 p.m. The hearing will be held telephonically. Participants should dial: <u>(855) 244-8681, Access Code: 2307 168 9263 #</u>. Participants should call the conference number at least ten minutes prior to the scheduled docket.

4. In the Motion, the Debtor seeks to use property that may constitute the Creditor's cash collateral pursuant to 11 U.S.C. §363.

5. While the Debtor has not fully analyzed all the Creditor's liens, the Debtor does believe that US Small Business Administration and Kansas Department of Revenue hold duly perfected liens on the Debtor's cash collateral.

6. The Debtor is indebted to US Small Business Administration and the Kansas Department of Revenue, who assert a security interest in and liens upon the Debtor's assets ("the Collateral").

7. US Small Business Administration claims a secured interest in cash collateral of the Debtor by virtue of various UCC1 filings. The Kansas Department of Revenue claims a lien by virtue of seized assets.

8. The Debtor has no source of income other than from the operation of its businesses and the collection of its accounts. If the Debtor is not permitted to use cash collateral in the ordinary course of its business, it will be unable to pay its operating and business expenses, thus effectively precluding its orderly reorganization in these Chapter 11 proceedings and causing imminent and irreparable harm to its Bankruptcy Estate.

**NOW, THEREFORE, IT IS HEREBY:**

**ORDERED** that Debtor is granted the use of cash collateral and inventory until March 13, 2025.

**IT IS FURTHER ORDERED**, that the Debtors' interim use of Cash is expressly conditioned upon the following:

1. <u>Budget</u>. Without prior approval of the Court, the Debtor shall pay all expenses in the Budget when due, including insurance and taxes, and the US Small Business Administration and Kansas Department of Revenue shall be notified of any failure or inability to do so; <u>provided, however</u>, that the Debtor shall only pay such expenses necessary to prevent irreparable

injury to the Debtor's business and bankruptcy estate and shall not pay insiders as that term is defined under Code § 101(31) unless it is for reasonable and customary compensation for services performed. For the avoidance of doubt, the "legal and professional services" item is deemed to include the approved fees of the Subchapter V Trustee. Debtor will file an updated budget as a supplement to the Motion by March 6.

2. <u>Adequate Protection Payments</u>. The Debtor shall make a monthly adequate protection payments to the Kansas Department of Revenue of $1,000.00 beginning March 30, 2025 and the 30th day of each month thereafter until further Order of the Court.

3. <u>Replacement Liens</u>. Effective as of the Petition Date, US Small Business Administration and the Kansas Department of Revenue is hereby granted replacement security interests in, and liens on, all post-Petition Date acquired property of the Debtor and the Debtor's bankruptcy estate that is the same type of property that the US Small Business Administration and the Kansas Department of Revenue hold a pre-petition interest, lien or security interest to the extent of the validity and priority of such interests, liens, or security interests, if any (the "Replacement Liens"). The amount of each of the Replacement Lien shall be up to the amount of any diminution of US Small Business Administration and the Kansas Department of Revenue's collateral position from the Petition Date.

4. <u>Automatic Perfection</u>. Any Replacement Lien granted hereunder shall be effective and perfected upon the date of entry of the Interim Order without the necessity for the execution or recordation of filings of deeds of trust, mortgages, security agreements, control agreements, pledge agreements, financing statements or similar documents, or the possession or control by the Creditor of, or over, any property subject to the Replacement Lien. United States Small Business Administration and Kansas Department of Revenue are hereby authorized, but not

3

4925-9982-3894, v. 1

Case 25-20111   Doc# 26   Filed 02/19/25   Page 3 of 5

required, to file or record financing statements or similar instruments in any jurisdiction in order to validate and perfect the Replacement Lien. Any error or omission in such documents shall in no way affect the validity, perfection or priority of the Replacement Lien.

5. <u>Additional Adequate Protection</u>. The adequate protection granted in this Order is without prejudice to any creditor seeking further and other adequate protection.

6. <u>Insurance and Taxes</u>. Debtor shall continue to maintain adequate and sufficient insurance on all its property and assets. The Debtor shall timely file all post-petition tax returns and shall make timely deposits of all post-petition taxes.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Debtor shall be, and hereby is, granted the use of Cash Collateral on the terms and conditions set forth in this Interim Order.

**IT IS FURTHER ORDERED** that nothing contained in this Interim Order shall act as a waiver, release, or final determination of any parties' claim to or priority of interest in the Cash Collateral.

**IT IS FURTHER ORDERED** that the provisions of this Order shall be binding upon and inure to the benefit of creditors, and Debtor, and their respective successors and assignees (including without limitation any Chapter 11 or Chapter 7 Trustee, examiner or other fiduciary hereafter appointed for Debtor or with respect to any of Debtor's property).

**IT IS FURTHER ORDERED** that this Order shall become effective and enforceable upon approval and entry as an Order of the Bankruptcy Court. If any provision of this Order is modified, vacated, or stayed by a subsequent Order of the Court, such modification, vacation or stay shall not affect the validity of any obligation or liability incurred pursuant to this Interim Order and prior to the effective date of such modification, vacation or stay. The lien and claim

granted to the Creditor under this Order, and the priority thereof, shall be binding (subject to the terms of this Order) on Debtor, its bankruptcy estate, any subsequent trustee or examiner, and all creditors of Debtor.

**IT IS FURTHER ORDERED** that Debtor shall, within three (3) business days after entry of this Interim Order, provide notice of entry of this Interim Order and mail copies of this Interim Order to the twenty (20) largest unsecured creditors and any party who has requested notice and does not receive such notice electronically. Any party who has filed an objection but fails to appear at the hearing shall be deemed to have withdrawn its objection.

**IT IS SO ORDERED.**

###

SUBMITTED AND APPROVED BY:

EVANS & MULLINIX, P.A.

*/s/ Colin N. Gotham*
Colin N. Gotham, KS #19538, MO #52343
7225 Renner Road, Suite 200
Shawnee, KS 66217
(913) 962-8700; (913) 962-8701 (Fax)
cgotham@emlawkc.com
*Attorneys for the Debtor*

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

*/s/ Richard A. Kear*
Richard A. Kear, KS #20724
301 North Main Street, Suite 1150
Wichita, KS 67202
(202) 573-6945
Richard.kear@usdoj.gov